IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITIGROUP GLOBAL MARKETS INC., d/b/a SMITH BARNEY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. FILED: APRIL 14, 2008 08 CV 2100    JH |
| v. | ) ) | JUDGE NORGLE |
| JOHN ORTH, | ) ) | MAGISTRATE JUDGE VALDEZ |
| Defendant. | ) ) ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Citigroup Global Markets Inc., d/b/a Smith Barney ("Smith Barney"), respectfully requests that this Court grant a Temporary Restraining Order and Preliminary Injunction against Defendant John Orth ("Orth") in the form of Exhibit A hereto. In support of this Motion, Smith Barney submits the accompanying Verified Complaint and exhibits thereto, Memorandum in Support, and Affidavits, and states as follows:

1. Orth was employed by Smith Barney at its Naperville, Illinois branch office from November 22, 2005 until August 15, 2007, when he resigned from Smith Barney and accepted a comparable position of employment with Smith Barney's direct competitor, Wachovia Securities ("Wachovia"), at an office located across the street from the Smith Barney office.

2. Before leaving Smith Barney, Orth removed or duplicated written or electronic customer records, called Client Profiles, containing the names, addresses, telephone numbers, investment history, account data, asset allocations and other detailed and confidential information regarding Smith Barney's clients.

148161v2

3. Shortly before Orth resigned, he informed one of his trainee colleagues, Miguel Rosas, that he possessed a box full of Client Profiles related to customers assigned to the Naperville branch's most productive financial advisor, Dave Brown ("Brown"), and implied that he planned to solicit Brown's customers to leave Smith Barney if things got "rough" at Wachovia. Brown had supervised and trained Orth at Smith Barney.

4. For a period of time following Orth's departure in August 2007, he did not appear to solicit any of Smith Barney's customers. However, Smith Barney learned last week that, beginning in March 2008, Orth began aggressively soliciting Smith Barney clients to leave Smith Barney and to take their business to Orth at Wachovia.

5. In response to Orth's solicitations, Smith Barney customers, none of whom were Orth's customers while he was a Smith Barney employee, have begun transferring millions of dollars in assets away from Smith Barney and to Wachovia.

6. As a condition of employment by Smith Barney, Orth executed agreements which prohibited him for a period of one year from soliciting any account that was introduced to him by Smith Barney.

7. Orth also executed agreements in which he agreed to maintain the confidentiality of Smith Barney's client information and not to take such information and use it for his own purposes when he left Smith Barney.

8. The records of Smith Barney, including its confidential client information, must be kept confidential pursuant to applicable law, and Orth acknowledged that Smith Barney retained a proprietary ownership interest in client information acquired or recorded during the term of his employment.

9. In violation of his agreements with Smith Barney and state and federal law, Smith has converted Smith Barney's trade secrets for his own benefit and used that information with his new employer, a direct competitor of Smith Barney.

10. As a result of Orth's wrongful conversion and misappropriation of Smith Barney's trade secrets and violation of his employment agreements, Smith Barney will be irreparably harmed by the disclosure of its trade secrets and customer information, loss of goodwill and business reputation, and loss of revenue, in an amount which is impossible to ascertain at this time.

11. As a further result of Orth's wrongful conversion and misappropriation of Smith Barney's trade secrets and violation of his employment agreements, Brown will be irreparably harmed by the loss of goodwill, business reputation and revenue associated with clients that he developed during his employment at Smith Barney.

12. With this action, Smith Barney commenced an arbitration proceeding against Orth before the Financial Industry Regulation Authority ("FINRA"), seeking a permanent injunction and other relief. Under Rule 13804 of the FINRA Code of Procedure, Smith Barney has the express right to seek interim injunctive relief from this Court, and this is the only avenue available to prevent further wrongdoing by Orth pending arbitration of Smith Barney's claims.

13. Smith Barney has no adequate remedy at law and the immediate granting of injunctive relief is the only mechanism to preserve the *status quo* pending resolution of this dispute by FINRA. Unless injunctive relief is granted, Orth will be free to use Smith Barney's confidential information until a FINRA arbitration hearing can be held.

**WHEREFORE**, Smith Barney prays that this Court grant the following relief and enter an order in the form of Exhibit A hereto, directing that:

148161v2

1. Defendant John Orth and anyone working in conjunction with John Orth be temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

(a) soliciting or otherwise initiating any further contact or communications with any of the clients of Smith Barney whom John Orth had contact with or whose name became known to John Orth while in the employ of Smith Barney for the purpose of inviting, encouraging or requesting the transfer of any account or business (excluding Robert Orth, Nancy Orth, Jeffrey Kastner, Jane Kastner, Thomas Kastner, Peggy Newel, James Jump, Lisa Jump, Joseph Slogar, John Pritchett, Kimberly McShea, Anthony Houston, Christopher Rigdon, William Prothman, Andy Seto, Michael Stan, and Todd Cline);

(b) using, disclosing, or transmitting for any purpose, including the initiation of any contact with, or the solicitation of, Smith Barney clients, the information contained in the records of Smith Barney, including, but not limited to, the names, addresses, and financial information of said clients; and

(c) destroying any of the records or information that Defendants removed from Smith Barney;

2. That John Orth be further ordered to deliver any and all original Smith Barney records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Smith Barney's counsel, within twenty-four hours (24) of notice to John Orth or his counsel of the terms of this order;

4

148161v2

3. That this temporary restraining order be binding upon John Orth, his agents, servants, employer and those in active concert or participation with him who receive actual notice of this order;

4. That this order remain in full force and effect for a period no less than ten business days pursuant to Fed. R. Civ. P. 65;

5. That Smith Barney be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court; and

6. That the parties be directed to proceed with arbitration in accordance with Rule 10335 of the FINRA Code of Arbitration Procedure.

Dated: April 14, 2008          Respectfully submitted

                    CITIGROUP GLOBAL MARKETS INC.,
                    d/b/a SMITH BARNEY


                    By:  /s/ Gary M. Miller
                       One of Its Attorneys

Gary M. Miller
Daniel M. Hinkle
GRIPPO & ELDEN LLC
111 South Wacker Avenue
Chicago, IL  60606
(312) 704-7700

148161v2

```
08 CV 2100
JUDGE NORGLE
MAGISTRATE JUDGE VALDEZ
```

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC., d/b/a SMITH BARNEY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ORTH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Upon consideration of the Plaintiff's Verified Complaint and attachments thereto, Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in Support and Affidavits, and having considered the arguments of counsel, the Court FINDS as follows:

1. While in the employ of Plaintiff Citigroup Global Markets Inc., d/b/a Smith Barney ("Smith Barney"), Defendant John Orth ("Orth") executed agreements that contain restrictions on his ability to use Smith Barney's records and to solicit Smith Barney's clients after leaving Smith Barney's employment, including the Financial Consultant Trainee Employment Agreement And Restrictive Covenants, executed by Orth on or about November 22, 2005, and the Team Agreement For Financial Consultants, executed by Orth on or about December 5, 2005;

2. Smith Barney has established a likelihood of success on the merits in establishing that Orth violated and will continue to violate these agreements and Smith Barney's statutory and other rights with respect to its confidential and proprietary customer information and records. Specifically, the Court finds that Orth has taken Smith Barney's confidential client information

148178v1

and used that information to solicit Smith Barney clients, who Orth did not have a relationship with prior to his employment with Smith Barney;

3. Smith Barney will suffer irreparable harm and loss if Orth is permitted to solicit Smith Barney's clients and convert Smith Barney's property to his own use and that of his new employer, including but not limited to lost client relationships, goodwill and business reputation, and loss of revenue;

4. Smith Barney has no adequate remedy at law;

5. Greater injury will be inflicted upon Smith Barney by the denial of temporary injunctive relief than would be inflicted upon Orth by the granting of such relief; and

6. The public interest will be served by granting this injunction.

Accordingly, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

1. A temporary restraining order is issued effective _____ on April _, 2008. Smith Barney shall post security in the amount of $_____ no later than 5:00 p.m. on April _, 2008.

2. Defendant John Orth and anyone working in conjunction with John Orth is temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

   (a) soliciting or otherwise initiating any further contact or communications with any of the clients of Smith Barney whom John Orth had contact with or whose name became known to John Orth while in the employ of Smith Barney for the purpose of inviting, encouraging or requesting the transfer of any account or business (excluding Robert Orth, Nancy Orth, Jeffrey Kastner, Jane Kastner, Thomas Kastner, Peggy Newel, James Jump, Lisa Jump, Joseph Slogar, John Pritchett, Kimberly McShea, Anthony

Houston, Christopher Rigdon, William Prothman, Andy Seto, Michael Stan, and Todd Cline);

 (b) using, disclosing, or transmitting for any purpose, including the initiation of any contact with or the solicitation of Smith Barney clients, the information contained in the records of Smith Barney, including, but not limited to, the names, addresses, and financial information of said clients; and

 (c) destroying any of the records or information that John Orth removed from Smith Barney;

3. That John Orth be further ordered to deliver any and all original Smith Barney records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Smith Barney's counsel, within twenty-four hours (24) of notice to John Orth or his counsel of the terms of this order;

4. That this temporary restraining order be binding upon John Orth, his agents, servants, employer and those in active concert or participation with him who receive actual notice of this order;

5. That this order remain in full force and effect for a period no less than ten business days pursuant to Fed. R. Civ. P. 65; and

6. That Smith Barney be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court. A party responding to written discovery shall have five days to respond. Depositions shall be allowed upon two days notice.

148178v1

This order is issued this ____ day of April, 2008.

**IT IS SO ORDERED**

_____

ORDER PREPARED BY:
Grippo & Elden
111 South Wacker Avenue
Chicago, IL 60606
Phone: (312) 704-7700