IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITIGROUP GLOBAL MARKETS INC., d/b/a SMITH BARNEY | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-CV-2100 |
| v. | ) ) ) | Judge Norgle |
| JOHN ORTH, | ) ) | Magistrate Judge Valdez |
| Defendant. | ) ) ) | |

## ORDER

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction against Defendant John Orth ("Orth") is granted.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that:

1. A preliminary injunction is issued effective 12:00 p.m. on April 15, 2008.

2. Defendant John Orth and anyone working in conjunction with John Orth is enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

    (a) soliciting or otherwise initiating any further contact or communications with any of the clients of Smith Barney whom John Orth had contact with or whose name became known to John Orth while in the employ of Smith Barney for the purpose of inviting, encouraging or requesting the transfer of any account or business (excluding Melvin Lozin, Odelia Gozdziak, Robert Orth, Nancy Orth, Jeffrey Kastner, Jane Kastner, Thomas Kastner, Peggy Newel, James Jump, Lisa Jump, Joseph Slogar, John Pritchett, Kimberly McShea, Anthony Houston, Christopher Rigdon, William Prothman, Andy Seto, Michael Stan, and Todd Cline);

148788v1

(b) using, disclosing, or transmitting for any purpose, including the initiation of any contact with or the solicitation of Smith Barney clients, the information contained in the records of Smith Barney obtained by John Orth during his employment with Smith Barney, including, but not limited to, the names, addresses, and financial information of said clients; and

(c) destroying any of the records or information that John Orth removed from Smith Barney;

3. That John Orth be further ordered to deliver any and all original Smith Barney records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including **electronic or computerized** versions, to Smith Barney's counsel, within twenty-four hours (24) of notice to John Orth or his counsel of the terms of this order;

4. That this order be binding upon John Orth, his agents, servants, employer and those in active concert or participation with him who receive actual notice of this order; and

5. That this order remain in full force and effect until the Financial Industry Regulatory Association arbitration panel assigned to the arbitration of this matter rules on Smith Barney's request for a permanent injunction.

This order is issued this 15th day of April, 2008.

**IT IS SO ORDERED**

_____
United States District Judge